REBECCA GRASSL BRADLEY, J. (concurring).
*744 ¶68 Like the majority, I would affirm the court of *147 appeals decision affirming the circuit court's restitution order. I join the majority opinion in full but I write separately because a textual interpretation of the restitution statute, specifically Wis. Stat. § 973.20(1r) and (13)(a), supports the circuit court's decision.
I
¶69 The interpretation and application of a statute begin with the language of the statute. See State ex rel. Kalal v. Cir. Ct. for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Because "[c]ontext is important to meaning . statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id., ¶46 (citations omitted). "Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." Id.
¶70 The text of Wis. Stat. § 973.20(1r) interpreted in the context of the surrounding sections of the restitution statute shows that subsection (1r) does not constrain the circuit court to the crime considered at sentencing when ordering restitution. Subsection (1r) requires the circuit court to order the defendant to make restitution to any victim of a crime considered at sentencing: "the court ... shall order the defendant to make full or partial restitution ... to any victim of a crime considered at sentencing[.]" Subsection (1r), unlike several of the other statutory subsections addressing restitution, does not restrict the circuit court's order of restitution to only crimes considered at sentencing nor does it limit the court to ordering restitution for only those losses incurred as a result of a crime considered at sentencing. Instead, it requires the circuit *148 court to award restitution to any victim of a crime considered at sentencing, thereby establishing the category of persons to whom the defendant must be ordered to pay restitution.
¶71 In contrast to the text of subsection (1r), the language of subsections (2), (3), (4), and (5) imposes limits on the particular types of restitution addressed-namely, restitution under these subsections is confined to losses arising from the crime considered at sentencing. For example, subsection (3) allows the court to order the defendant to "[r]eimburse the injured person for income lost as a result of a crime considered at sentencing." (Emphasis added.) Similarly, subsection (5) permits the circuit court to require the defendant to "[p]ay all special damages ... which could be recovered in a civil action against the defendant for his ... conduct in the commission of a crime considered at sentencing." Subsection (1r) is phrased quite differently; it simply identifies the group of people to whom the defendant must be ordered to pay restitution: "any victim of a crime considered at sentencing." If the legislature intended to confine the scope of restitution orders to losses incurred as a result of a crime considered at sentencing, it certainly could have done so by employing the exact language it wrote in subsections addressing particular types of losses sustained by victims. Instead, it afforded courts much flexibility in crafting restitution orders, so long as restitution is ordered to be paid to any victim of a crime considered at sentencing.
¶72 Additionally, Wisconsin Stat. § 973.20(13)(a) directs the circuit court to *745 consider five factors in determining whether to order restitution and in what amount:
*149 1. The amount of loss suffered by any victim as a result of a crime considered at sentencing.
2. The financial resources of the defendant.
3. The present and future earning ability of the defendant.
4. The needs and earning ability of the defendant's dependents.
5. Any other factors which the court deems appropriate.
The statute specifically requires the circuit court to consider the loss suffered by the victim as a result of a crime considered at sentencing. But the statute does not restrict the circuit court to ordering restitution only for that loss. Subdivision 5 grants to the circuit court the discretion to consider "[a]ny other factors" the circuit court deems appropriate. (Emphasis added.)
¶73 Many cases do not involve a defendant's commission of repeated crimes against the same victim causing losses with potentially unidentifiable dates such as the possible serial burglaries in this case, so we address a relatively infrequent if not rare situation perhaps not contemplated by the statutes, and one that the legislature may wish to address with more specificity. Wisconsin Stat. § 973.20(13)(a) 5 gives the circuit court great latitude to consider among "other factors" the difficulty (if not impossibility) of establishing May 8th as the one and only date on which the defendant burglarized the victim's home. While the circuit court must consider the amount of loss suffered by the victim as a result of a crime considered at sentencing, the circuit court is free to consider any other factors the court deems appropriate.
*150 ¶74 Subsection (14) also uses the language "as a result of a crime considered at sentencing" in designating the burden of proof:
(a) The burden of demonstrating by the preponderance of the evidence the amount of loss sustained by a victim as a result of a crime considered at sentencing is on the victim.
...
(c) The burden of demonstrating, by the preponderance of the evidence, such other matters as the court deems appropriate is on the party designated by the court, as justice requires.
There is nothing in the statutes requiring the victim to identify the date on which her losses were sustained; she must only establish by a preponderance of the evidence the loss she suffered as a result of a crime considered at sentencing and the circuit court's conclusion that she met that burden is not clearly erroneous. Her home was burglarized on May 8th, she presented documentation of items that were missing after that burglary, and nothing contradicted her evidence.
¶75 The legislature used "as a result of a crime considered at sentencing" or similar language tying a victim's recovery of particular losses to the crime considered at sentencing in certain sections of the restitution statute, but not in a way that restricts the circuit court to awarding restitution only for losses sustained "as a result of a crime considered at sentencing." In other sections of the statute, the legislature did not limit restitution to only those losses arising "as a result of a crime considered at sentencing." Most significantly, in Wis. Stat. § 973.20(1r), the legislature mandated an order of restitution to be paid by the defendant "to any victim of a crime considered at *151 sentencing." The legislature did not command an order of restitution to be paid by the defendant for a crime considered at sentencing or as a result of a crime considered at sentencing. *746 Where a statute "used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 170 (2012); Johnson v. City of Edgerton, 207 Wis. 2d 343, 351, 558 N.W.2d 653 (Ct. App. 1996) ("When the legislature uses different terms in a statute-particularly in the same section-we presume it intended the terms to have distinct meanings."). Because the legislature used different language in separate sections of the restitution statute, we presume distinct meanings and give full effect to the language chosen.
¶76 Because the text of the restitution statute fully supports the circuit court's restitution award, I join the majority opinion in affirming the court of appeals decision affirming the circuit court's order.